# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | |
| Plaintiff, | No. 3:19-CV-513-RGJ |
| v. | |
| **ST. STEPHENS CEMETERY ASSOCIATION, BRUCE D. ZIMMERMAN, SR., HERB ZIMMERMAN, TONY BOSTIC, MARK HOLLAND, BARBARA ANN HOUSER, ROBIN THOMAS, TINA SEATON, PAMELA WILKERSON, KELLY BRYANT, CRYSTAL RAY, and TINA CLARK,** | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), by and through its counsel, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute arising out of claims for coverage by St. Stephen's Cemetery Association (the "Association"), its former officers and members of the Board of Trustees and its former caretaker (collectively, the "insureds") for a putative class action lawsuit captioned *Robin Thomas, et al. v. St. Stephen's Cemetery Association*, filed in the Jefferson Circuit Court, Case No. 17-CI-001663 (the "Underlying Action"). A copy of the operative Second Amended Complaint in the Underlying Action is attached hereto as Exhibit A.

2. State Auto issued annual primary policies to the Association from 1992 to 2018, which each provide commercial general liability coverage for "bodily injury" or "property

damage" occurring during the policy period. State Auto is currently defending the insureds under the policies effective February 15, 1992 to February 15, 2008 (the "Pre-2008 Policies"). By contrast, the policies effective from February 15, 2008 to February 15, 2018 (the "Post-2008 Policies") contain two exclusions, which collectively exclude coverage for any "bodily injury" or "property damage" arising out of funeral or cemetery services, so State Auto is not defending under those Policies. As the Underlying Action is predicated entirely upon the insureds' alleged failure to maintain St. Stephen's Cemetery's property and records, including the failing to properly inter bodies, burying bodies in improper locations and losing records relating to the location of the bodies, the Funeral Services Exclusion and the Professional Services Exclusion preclude coverage for the Underlying Action under the Post-2008 Policies. State Auto accordingly seeks a declaration that it does not owe a duty to defend or indemnify the insureds in the Underlying Action under the Post-2008 Policies.

3. With respect to the Pre-2008 Policies, coverage is only potentially triggered with respect to "bodily injury" or "property damage" that occurs during the respective policy periods. State Auto therefore seeks a declaration that it owes no duty to indemnify the insureds under the Pre-2008 Policies for any "bodily injury" or "property damage" not occurring during those policy periods.

4. Furthermore, the Claimants seek disgorgement/restitution of the insureds' alleged wrongfully obtained profits, which are uninsurable as a matter of law, and State Auto therefore has no duty to indemnify any disgorgement or restitution damages awarded against the insureds.

## THE PARTIES

5. State Auto is an insurance company organized under the laws of Ohio with its principal place of business in Columbus, Ohio.

6. The Association is a non-profit corporation organized under the laws of Kentucky with its principal place of business in Louisville, Kentucky.

7. On information and belief, Bruce D. Zimmerman, Sr. was a board member of the Board of Directors for the Association and is a citizen and resident of Kentucky.

8. On information and belief, Herb Zimmerman, was a board member of the Board of Directors for the Association and is a citizen and resident of Kentucky.

9. On information and belief, Tony Bostic, Sr. is was a board member of the Board of Directors for the Association and is a citizen and resident of Kentucky.

10. On information and belief, Mark Holland, Sr. was a board member of the Board of Directors for the Association and is a citizen and resident of Kentucky.

11. On information and belief, Barbara Ann Holland, Sr. was employed by the Association as the cemetery's caretaker and is a citizen and resident of Indiana.

12. On information and belief, Robin Thomas, Tina Seaton, Kelly Bryant, Crystal Ray and Tina Clark are citizens and residents of Kentucky, and Pamela Wilkerson is a citizen and resident of Tennessee (collectively, the "Claimants"). Claimants are the underlying plaintiffs and are joined herein solely as potential interested parties.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity as between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest or costs.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the Association resides in this District and a substantial part of the events or omissions giving rise to this action occurred within this District.

15. An actual and justiciable controversy exists between the parties because State Auto has disclaimed coverage for the Underlying Action under the Post-2008 Policies.

## THE UNDERLYING ACTION

16. The Second Amended Complaint alleges that Claimants and/or their family members purchased burial plots from the insureds and trusted the insureds with burying their loved ones and maintaining the graves and headstones. (Exhibit A, ¶ 17)

17. Claimants allege that after purchasing these burial plots, they learned that certain remains could not be located, were located in different locations from the actual plots they had purchased, were improperly interred, that the plots Claimants or their family members had purchased were already occupied and/or had been sold to others, and headstones had not been delivered or placed. (Exhibit A, ¶ 17)

18. Claimants further allege that Defendants, by and through their agents and employees, negligently or recklessly vandalized, destroyed, ran over, and disturbed the grave sites of Claimants' loved ones. (Exhibit A, ¶ 19)

19. Claimants allege causes of action for: (1) violation of the Kentucky Consumer Protection Act (KCPA), Ky. Rev. Stat. § 367.170, et seq.; (2) unjust enrichment; (3) negligence and negligence per se; (4) negligent trespass; (5) nuisance; (6) desecration of a grave; (7) outrageous/negligent infliction of emotional distress; (8) wrongful mishandling of a corpse; and (9) negligent supervision and retention. (Exhibit A)

20. Claimants seek to certify a class consisting of all individuals who purchased and/or whose family members purchased burial plots and services from the insureds from 1992 to the present, as well as compensatory damages, punitive damages, disgorgement of wrongfully obtained profits, attorneys' fees and costs, injunctive relief, appointment of a receiver, and a full

accounting of the final resting place of all bodies buried at St. Stephen's cemetery. (Exhibit A, ¶ 31)

## THE STATE AUTO POLICIES

21. State Auto issued annual policies, Nos. SPP 1102212 00-25, to the Association from February 15, 1992 to February 15, 2018 (collectively, the "State Auto Policies"). The State Auto Policies each include Commercial General Liability (CGL), Commercial Property, and Inland Marine Coverage Parts. Attached hereto as Exhibits B and C are copies of the 2007-2008 State Auto Policy and the 2008-2009 State Auto Policy, respectively. The 2007-2008 State Auto Policy is substantially similar to all of the Pre-2008 Policies, and the 2008-2009 State Auto Policy is substantially similar to all of the Post-2008 Policies. Copies of all of the State Auto Policies effective from 1996 to 2018 can be made available to the Court and the parties.

22. The Underlying Action only potentially implicates Coverage A in the CGL Coverage Parts in the State Auto Policies. (*See* Exhibits B and C)

23. The Insuring Agreement in Coverage A of the CGL Coverage Parts in the State Auto Policies is only triggered with respect to "bodily injury" or "property damage" that occurs during the Policy Period and is caused by an "occurrence." The Insuring Agreements in the State Auto Policies[1] provides as follows:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

* * *

---

[1] Unless otherwise noted, the Insuring Agreements and relevant terms in the Pre-2008 and Post-2008 Policies are substantially similar.

      b.      This insurance applies to "bodily injury" and "property damage" only if:

            (1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            (2)      The "bodily injury" or "property damage" occurs during the policy period; and

            (3)      Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Exhibits B and C)

     24.      In addition, each of the Pre-2008 Policies contains a Cemetery Liability Endorsement, which provides as follows:

      A.      Bodily Injury and Property Damage Liability (Business Liability) insuring agreement in respect to cemetery liability is amended as follows:

            a.      We will pay any loss by reason of liability imposed by law or contract on the insured for damages, including damages for care and loss of services, because of bodily injury, sickness, disease or death, including mental anguish, sustained by any person or persons.

            b.      "Property Damage" liability is extended to cover damage to that property of others, including deceased human remains and their clothing, caskets, urns and cases, lining and fittings, which is in charge of the insured and on the insured's cemetery premises for purposes of cremation or burial.  This includes legal obligation that may arise because of vandalism or malicious mischief to any

>  structure, mausoleum, monument, tombstone, memorial or marker on any grave site in the insured's cemetery.

    B.    The following is added:

> Errors and Omissions
>
> We will indemnify the insured for claims made against the insured for actual or alleged negligent act, error or omission committed by the insured, predecessors in business or those employed during the term of this endorsement. In respect to the conduct of the insured's business in connection with the sale and transfer of cemetery lots or other places used for the purpose of burial.

(Exhibit B)

    25.    The State Auto Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Exhibits B and C)

    26.    The term "property damage" is defined in the Post-2008 State Auto Policies as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Exhibits B and C)

    27.    The State Auto Policies define "occurrence" to mean:

> [A]n accident, including continuous or repeated exposure to substantially the same general harmful conditions. Faulty workmanship does not constitute an "occurrence", however, "property damage" to property other than "your work" that directly results from faulty workmanship is an "occurrence" under this policy.

(Exhibits B and C)

28. The Post-2008 Policies are amended by endorsement to include the following Funeral Services Exclusion:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

(Exhibits B and C)

29. The Post-2008 Policies are also amended to include the following Professional Services Exclusion:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

(Exhibits B and C)

## THE COVERAGE DISPUTE

30. By letters dated July 20, 2017, March 14, 2018, and July 25, 2018, State Auto agreed to defend the insureds in the Underlying Action under the Pre-2008 Policies, subject to a reservation of rights, and declined coverage for the Underlying Action under the Post-2008 Policies pursuant to the Funeral Services Exclusion and Professional Services Exclusion. Copies of State Auto's letters are attached hereto as Group Exhibit D.

31. In those letters, State Auto reserved its rights pursuant to various other provisions in the State Auto Policies, including that the Underlying Action does not allege "bodily injury", any alleged "bodily injury" or "property damage" did not occur during the respective policy periods and that the disgorgement or restitution of wrongfully obtained profits are not insurable damages. (Group Exhibit D)

32. State Auto now seeks a declaration that it owes no duty to defend or indemnify the insureds under the Post-2008 Policies because the Funeral Services Exclusion and the Professional Services Exclusion bar coverage for the entirety of the Underlying Action.

33. In addition, State Auto seeks a declaration that it owes no duty to defend or indemnify under the Policies' "bodily injury" coverage, that it owes no duty to indemnify the insureds under the Pre-2008 Policies for those Claimants alleging damages from burials taking place after the period of those Pre-2008 Policies, and that it owes no duty to indemnify the insureds for any disgorgement or restitution of ill-gotten gains.

## CAUSES OF ACTION

## COUNT I – DECLARATORY JUDGMENT

**(No Duty to Defend or Indemnify Under Post-2008 Policies - Funeral Services Exclusion)**

34. State Auto incorporates by reference each and every allegation set forth in paragraphs 1 through 33 as though set forth in full herein.

35. The Funeral Services Exclusion in the Post-2008 Policies bars coverage for any "bodily injury" or "property damage" arising out of errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

36. The Second Amended Complaint alleges that the insureds failed to provide purchased grave sites, lost records related to the location of bodies, buried bodies in improper locations, mishandled corpses, trespassed on Claimants' property rights, caused damage to grave sites, sold burial plots multiple times and failed to provided headstone and other burial services.

37. Given the foregoing, any "bodily injury" or "property damage" alleged by Claimants arises out of the insureds' errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

38. Accordingly, the Funeral Services Exclusion precludes coverage for the entirety of the Underlying Action, and State Auto has no duty to defend or indemnify the insureds under the Post-2008 Policies.

WHEREFORE, State Auto requests that this Court enter judgment in its favor and against the Defendants, declaring that State Auto has no obligation to defend or indemnify the insureds in the Underlying Lawsuit, declaring that there is no coverage under the Post-2008 Policies, and granting State Auto any other and further relief deemed just and appropriate.

## COUNT II – DECLARATORY JUDGMENT

**(No Duty to Defend or Indemnify Under Post-2008 Policies – Professional Services Exclusion)**

39. State Auto incorporates by reference each and every allegation set forth in paragraphs 1 through 38 as though set forth in full herein.

40. The Professional Services Exclusion in the Post-2008 Policies precludes coverage for "bodily injury" or "property damage" due to the rendering of or failure to render any professional service. The professional services are described in the Post-2008 Policies as services provided by "Cemeteries".

41. Given that the entirety of the Second Amended Complaint arises out of the insureds' alleged negligence in maintaining St. Stephen's Cemetery, any alleged "bodily injury" or "property damage" is necessarily due to the rendering of or failure to render professional services, as that term is defined in the Post-2008 Policies.

WHEREFORE, State Auto requests that this Court enter judgment in its favor and against the Defendants, declaring that State Auto has no obligation to defend or indemnify the insureds in the Underlying Lawsuit, declaring that there is no coverage under the Post-2008 Policies, and granting State Auto any other and further relief deemed just and appropriate.

## COUNT III – DECLARATORY JUDGMENT

**(No Duty to Indemnify Under Pre-2008 Policies –
No Bodily Injury or Property Damage During The Policy Periods)**

42. State Auto incorporates by reference each and every allegation set forth in paragraphs 1 through 41 as though set forth in full herein.

43. The Insuring Agreements in Coverage Part A in the Pre-2008 State Auto Policies are only potentially triggered with respect to "bodily injury" or "property damage" that occurs during each policy period.

44. The Second Amended Complaint alleges that the insureds' wrongful acts and/or omissions took place between 1992 and 2017.

45. Pursuant to the Insuring Agreements in the Pre-2008 Policies, State Auto has no duty to indemnify the insureds under the Pre-2008 Policies in connection with any alleged damages from burials that occurred after February 15, 2008 because there could not have been any alleged "bodily injury" or "property damage" occurring during the Pre-2008 policy periods with respect to burials after February 15, 2008.

WHEREFORE, State Auto requests that this Court enter judgment in its favor and against the Defendants, declaring that State Auto has no obligation to indemnify the insureds in the Underlying Lawsuit under the Pre-2008 Policies to the extent the alleged "bodily injury" or "property damage" occurred after February 15, 2008, and granting State Auto any other and further relief deemed just and appropriate.

## COUNT IV – DECLARATORY JUDGMENT

**(No Duty to Indemnify Under The Policies for Disgorgement or Restitution)**

46. State Auto incorporates by reference each and every allegation set forth in paragraphs 1 through 45 as though set forth in full herein.

47. The Policies only potentially provide coverage for "those sums that the insured becomes legally obligated to pay as damages."

48. In the Second Amended Complaint, Claimants seek disgorgement of all of the insureds' wrongfully obtained profits.

11

49. Disgorgement and/or restitution of ill-gotten gains are uninsurable as a matter of law and do not constitute "damages" within the meaning of the Policies.

50. State Auto therefore has no duty to indemnify the insureds under any of the Policies for amounts consisting of restitution or disgorgement.

WHEREFORE, State Auto requests that this Court enter judgment in its favor and against the Defendants, declaring that State Auto has no obligation to indemnify the insureds in the Underlying Lawsuit for any amounts consisting of restitution or disgorgement, and granting State Auto any other and further relief deemed just and appropriate.

Respectfully submitted,

/s/ Anthony M. Zelli
M. Trent Spurlock
Anthony M. Zelli
**Dinsmore & Shohl LLP**
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone:  502.540.2300
Fax:  502.585.2207
trent.spurlock@dinsmore.com
anthony.zelli@dinsmore.com

Of counsel:

Adam H. Fleischer
Kristi S. Nolley
Lindsey D. Dean
**BatesCarey LLP**
191 North Wacker, Suite 2400
Chicago, IL 60606
Phone: 312.762.3100
Fax: 312.762.3200
afleischer@batescarey.com
knolley@batescarey.com
ldean@batescarey.com

15182960v1